depreciates rather quickly and, if left in an undrawn condition for even 2 weeks, it would not be able to be used and pass product specifications. The filamentous structure which emerges from the spinneret in its undrawn condition is of no commercial value, except as hereinabove indicated. Certainly, a producer of nylon or other synthetic intends to produce a commercially acceptable product and not something which may only be sold to waste dealers or garnetters.

The operation of the drawtwister by the drawing operation (the stretching of the filamentous structure) gives dimensional stability and strength (by orientation of the molecular structure) to the product and thereby also creates a commercially acceptable nylon filament for the first time in the manufacturing process of said synthetic. The drawing is accomplished by the difference in speed between the godet wheels, and the twisting by the machine imparts 0.3 turns, which the witnesses testified is negligible. The intent and design of the machine are primarily to draw the nylon. There are certain machines which merely draw and wind the drawn nylon, but their operation is much slower than the drawtwister machine. While the amount of twist imparted to the filament may be adjusted on one of the drawtwister machines, the witnesses indicated that to actually twist the filaments would increase the cost and slow down the operation at this stage to such an extent that it would be economically unfeasible to operate.

The witnesses testified, and we agree, that the operation of the drawtwister machine is, in fact, the last stage in the "making" of nylon. They indicated that, subsequent to this operation, there are numerous things which may be done to filaments, such as twisting, slashing, plying, texturizing, production of novelty yarns, winding, warping, packaging and repackaging of yarns. These operations would, in our opinion, fall within the classified provision of paragraph 372, as modified, *supra*.

In view of the foregoing, we are of the opinion that the imported articles are parts of the drawtwisting machines, which, in fact, are used in the making of synthetic textile filaments and fall within the purview of said provision of paragraph 372, as modified, *supra*, as claimed herein and should have been assessed with duty at the rate of 17 per centum ad valorem.

To the extent indicated, the protest is sustained. Judgment will be entered accordingly.

No. 68681.—O. Browne & Co., Ltd., et al. *v.* United States, protests 60/19503, etc. (Los Angeles).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of the plaintiffs was sustained.

No. 68682.—John L. Westland & Son, Inc., a/c Banning Shirt Corp. et al. *v.* United States, protests 60/19895, etc. (Los Angeles).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, JUNE 24, 1964

**No. 68683.**—A. Zerkowitz & Co., Inc. *v.* United States, protests 64/3538 and 64/3539 (New York).

Opinion by OLIVER, C.J.   Following Abstracts 54925, 64542, and 64543, the protests were dismissed.

BEFORE THE SECOND DIVISION, JUNE 24, 1964

**No. 68684.**—Metasco, Inc. *v.* United States, protests 60/16362 and 60/22069 (Boston).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 68685.**—D. P. Harris Hdw. & Mfg. Co., Inc., and Korlis, Ltd. *v.* United States, protests 60/20072 and 60/22206 (Los Angeles).